## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX E. RINEHART, On Behalf of Himself And All Others Similarly Situated, <br><br>            Plaintiff, <br><br>    vs. <br><br> LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR CHRISTOPHER GENT, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, ERIN M. CALLAN, WENDY M. UVINO, THE EMPLOYEE BENEFIT PLANS COMMITTEE, and JOHN DOES 1-10, <br><br>            Defendants. | **Civil Action No. 08cv5598** |
| MONIQUE MILLER FONG, On Behalf of Herself And All Others Similarly Situated, <br><br>            Plaintiff, <br><br>    vs. <br><br> LEHMAN BROTHERS HOLDINGS INC., RICHARD S. FULD, JR., MICHAEL L. AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, SIR CHRISTOPHER GENT, JERRY A. GRUNDHOFER, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, ERIN M. CALLAN, WENDY M. UVINO, THE EMPLOYEE BENEFIT PLANS COMMITTEE, and JOHN DOES 1-10, | **Civil Action No. 08-CV-6282** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO CONSOLIDATE ERISA CASES, TO APPOINT INTERIM CLASS CO-COUNSEL, AND FOR ENTRY OF PRETRIAL ORDER NO. 1

Plaintiffs Alex E. Rinehart and Monique Miller Fong (the "Plaintiffs"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion to consolidate these related ERISA cases, to appoint Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Gainey & McKenna as interim class co-counsel, and for the entry of Pretrial Order No. 1.

## I. INTRODUCTION

On June 20, 2008, Plaintiff Rinehart, by and through his counsel, filed a complaint against Lehman Brothers Holdings, Inc. ("Lehman" or the "Company") and certain Lehman executives and employees, collectively, "Defendants," fiduciaries of the Lehman Brothers Savings Plan (the "Plan"), a defined contribution plan established and/or sponsored by Lehman as a benefit for its employees.  The complaint was filed by Plaintiff Rinehart individually, on behalf of the Plan, and as a representative of a proposed Class of Plan participants and beneficiaries.  On or about July 11, 2008, Plaintiff Fong also filed a complaint against Defendants, individually, on behalf of the Plan, and as a representative of a proposed Class of Plan participants and beneficiaries.

The two complaints are substantially similar.  Both complaints allege that Defendants, who were fiduciaries of the Plan, allowed the Plan to acquire and hold Lehman stock despite knowing that Lehman stock was an imprudent investment alternative.  Plaintiffs' claims arise from, *inter alia*, the failure of the Defendants-fiduciaries of the Plan to act solely in the interest of the Plan's participants and beneficiaries and to exercise the care, skill, prudence, loyalty and diligence in administering the Plan and investment of its assets mandated under §§ 404 and 405 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 and 1105. Plaintiff seeks relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf

the Plan and a proposed class of all Plan participants who sustained losses to their retirement accounts.

More specifically, Plaintiffs allege, *inter alia*, that the Defendants-fiduciaries violated their fiduciary obligations by:

    a.  failing to properly monitor the Plan and the committee(s) charged with the administration of the Plan and investment of its assets;

    b.  failing to prudently manage the assets of the Plan by continuing to acquire and maintain existing shares of Lehman stock for the Plan under circumstances in which Lehman stock was a plainly unsuitable and imprudent investment option for the Plan and its participants; and

    c.  enabling their co-fiduciaries to commit violations of ERISA and, with knowledge of these breaches, failing to make reasonable efforts to remedy these breaches.

Plaintiffs seek relief pursuant to ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a). Plaintiffs allege, *inter alia*, that Defendants are responsible for restoring losses sustained by the Plan as a result of Defendants' breaches of their fiduciary duties.

Because these ERISA actions are based on substantially the same facts and contain similar causes of action against overlapping Defendants, Plaintiff seeks an Order consolidating the ERISA actions and appointing an interim leadership structure for the consolidated ERISA cases in accordance with the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*") and FED. R. CIV. P. 23(g).

## II.  ARGUMENT

### A.    The Related ERISA Cases Should Be Consolidated

Consolidation of these actions along with any subsequent related ERISA actions filed in or removed or transferred to this district will avoid costly and unnecessary duplication of effort and waste of judicial and party resources.  Both ERISA actions make nearly identical factual allegations, assert nearly identical claims, and seek substantially the same relief.  It is possible that additional actions may be filed asserting the same claims on the basis of the same facts. Because the actions are nearly identical, and since additional actions containing similar allegations and seeking the same relief on behalf of an identical class may be filed, Federal Rule of Civil Procedure 23(g)(2)(A) and the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*") provide that the Court should enter an Order setting forth procedures for the management of these cases and appointing a leadership structure for plaintiffs' counsel.

If additional ERISA actions are later filed in, or removed, or transferred to this Court, this Court should provide for the consolidation of those actions along with consolidation of the two pending ERISA actions because of the similarities and the confluence of interests and issues that would exist in those related ERISA actions and the efficiencies that would be realized through consolidation.

Consolidation of actions in federal courts is governed by Fed R. Civ. P. 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Consolidation under Fed. R. Civ. P. 42(a) is proper when, as here, two or more actions involve common questions of law and fact. *See, e.g.*, *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924, at *6 (N.D. Ill. Feb. 7, 2002); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *see also, generally, Manual for Complex Litigation* (4th ed.) (Federal Judicial Center 2004) at §§ 11.631, 20.11. Accordingly, consolidation of related complex litigations, including class actions, is commonplace. 9 Charles Wright & Arthur R. Miller, *Federal Practice & Procedure*: §§ 2384-85, Civil 2d (1994); 8 James W. Moore, *Federal Practice* § 42.10[l][6] (3d ed. 1997) (noting that "actions alleging similar violations against the same defendant[s]" are "routinely" consolidated).

Consolidation is also appropriate where, as here, there are common issues of law or fact, and where the benefits of consolidation outweigh potential prejudice to the defendants. *See, e.g.*, *KPASA, LLC v. United States*, No. 04 C 109, 2004 U.S. Dist. LEXIS 8720, at *7 (N.D. Ill. May 17, 2004) (related cases should be consolidated, particularly cases in the same District); *Cook v. McCarron*, No. 92 C 7042, 95 C 828, 1997 WL 47448, at *4 (N.D. Ill., Jan 30, 1997) (consolidation appropriate due to the existence of "common issues between the two cases"); *see also Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate") (citing *Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992)); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("Rule 42(a) . . . empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."). Circuit courts have recognized the utility of consolidation, leaving to district courts the discretion to make appropriate Fed. R. Civ. P. 42(a) orders: "[t]he trial court has broad discretion to determine

whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at 1284-85.

The first-filed of these cases, *Rinehart v. Lehman Brothers Holdings, Inc., et al.*, No. 08cv5598, was assigned to the Hon. Miriam Goldman Cedarbaum. Accordingly, Plaintiffs seek consolidation of these actions before Judge Cedarbaum.

Plaintiffs do not expect that Defendant will object to the consolidation of these ERISA cases.

**B.    Wolf Haldenstein And Gainey & McKenna Should Be
        Appointed Interim Class Co-Counsel**

This action requires strong stewardship through experienced and well-capitalized counsel. In this regard, Rule 23(g)(2)(A) authorizes the Court to "designate . . . class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23 state, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the class certification decision is made.

The Rule 23(g)(1)(C)(i) directs the court to appoint class counsel who will "fairly and adequately represent the interests of the class."[1] In appointing class counsel, the Rule directs the

---

[1]  When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citation omitted).

Court to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including the following factors described in Rule 23(g):

      (a)    the work counsel has done in identifying or investigating potential claims in the action;

      (b)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

      (c)    counsel's knowledge of the applicable law; and

      (d)    the resources counsel will commit to representing the class.

      Plaintiffs' counsel, Wolf Haldenstein and Gainey & McKenna, amply satisfy the requirements of Rule 23(g)(1) for appointment as interim class co-counsel.

### 1. Wolf Haldenstein and Gainey & McKenna Have Performed Significant Work In This Case

      Wolf Haldenstein and Gainey & McKenna have devoted considerable time and resources to investigate the claims asserted in this litigation. As a result of that investigation, Gainey & McKenna and Wolf Haldenstein filed complaints against Lehman and fiduciaries of the Plan after all pertinent facts were revealed. The actions assert claims concerning the losses suffered by the Plan arising out of Lehman's reckless and significant investments in mortgage-related financial products. When the mortgage and real estate markets came crashing down, Plan participants were significantly injured as a result of the devastating reduction in the value of Lehman stock held for their retirement savings.

      Gainey & McKenna and Wolf Haldenstein also have advanced the cause by seeking to consolidate and coordinate these actions to reduce duplication of efforts and to streamline the prosecution of the actions on behalf of Plaintiffs and the Plan.

### 2. Wolf Haldenstein And Gainey & McKenna Have Extensive Experience In ERISA and Class Action Litigation

As reflected in their respective firm resumes, attached hereto as Exhibits A and B, respectively, Wolf Haldenstein and Gainey & McKenna have substantial experience in similar ERISA cases and other class action litigation. Wolf Haldenstein is among the most experienced class action firms in the United States, having represented plaintiffs in nationwide class actions brought under ERISA and in other financially complex, large-scale litigations. The firm's resume contains a representative list of the many cases Wolf Haldenstein prosecuted as lead or primary counsel. The resume also details the results achieved in those cases and numerous published decisions from the cases in which Wolf Haldenstein served as class counsel or in a significant role.

Courts nationwide recognize Wolf Haldenstein's qualifications to serve as class counsel. *See, e.g., In re Luxottica Group, S.p.A. Sec. Litig.*, 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein lead class counsel based on the firm's "experience and expertise"); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable"). Recently, in *In Re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.), where the firm was co-lead counsel, Judge Hamilton stated (on August 15, 2007):

> I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides.

Moreover, at the completion of a very contentious and complicated litigation, Judge Milton Shadur paid the firm a great compliment:

> It has to be said…that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize . . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation.

In *In re Comdisco Sec. Litig.*, No. 01 C 2110 (N.D. Ill. July 14, 2005).

Apart from the accolades that the firm is very proud of, it has served as counsel in many representative actions across the country and achieved important results. For example, Wolf Haldenstein was court-appointed lead counsel, co-lead counsel, or an executive committee member in some of the largest and most significant class action lawsuits brought across the United States, and is currently lead counsel in the following cases brought under ERISA:

- *In re Tower Automotive ERISA Litigation*, No. 05 CV 2184 (LLS) (S.D.N.Y.) (settlement approved).

- *MBNA Corp. ERISA Litigation*, C.A. No. 05-429 GMN (D. Del.).

- *In re Aon ERISA Litigation*, No. 04 C 6875 (N.D. Ill.).

- *In re Aquila, Inc. (ERISA Litigation)*, 04-865 (W.D. Mo.) (settlement approved).

- *Spiziri v. The St. Paul Travelers Companies, Inc. ERISA Litigation*, Civ. No. 04-5096 (D. Minn.) (settlement approved).

- *In re Harley Davidson, Inc. ERISA Litigation*, Case No. 05-C-00547-CNC (E.D. Wis.).

- *In re Guidant Corp. ERISA Litigation*, 1:05-cv-1009-LJM-TAB (S.D. Ind.).

- *Morgan Stanley ERISA Litigation*, Civ.: 07 Civ. 11285 (RWS).

Indeed, Wolf Haldenstein has had an active practice in federal labor relations and employee rights since the commencement of the New Deal – more than 70 years ago. In a landmark case establishing important rights for employees, *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460 (S.D.N.Y. 1989), Wolf Haldenstein was lead counsel in the first certified class action under the

Federal Plant Closing Act (WARN) and recovered $3.5 million for illegally-discharged employees.

In addition, attorneys in Wolf Haldenstein's corporate department regularly advise clients as to the development and administration of pension plans subject to ERISA. Thus, the class will benefit from the unique depth and breadth of Wolf Haldenstein's knowledge and expertise in a number of related areas of the law.

Gainey and McKenna has demonstrated its suitability for the role of co-lead counsel in accordance with each factor statutorily required by the Federal Rules of Civil Procedure, including experience in complex class actions and ERISA breach of fiduciary duty actions. Gainey and McKenna's work clearly demonstrates its expertise in this area of law and indicates its willingness to dedicate substantial efforts and resources to this action.

Indeed, Gainey and McKenna's current and former involvement in ERISA cases has provided the firm with valuable ERISA litigation experience, including involvement in the recent settlement of *Spiziri v. The St. Paul Travelers Companies, et al.*, 04-cv-5097 (D. Minn.). *See also Grider v. The Administrative Committee of the Tower Automotive Retirement Plan, et al.*, 05-cv- 4084 (S.D.N.Y.); *Brenda Thurman v. HCA, Inc., et al.*, Case No. 3:05-CV-01001 (M.D. Tenn.); *In re Affiliated Computer Systems ERISA Litig.*, Master File No. 3:06-CV-1592-M (N.D. Tex.); and *Salvato v. Zale Corp. et al.*, Index No. 3:06-CV-1124-D (N.D. Tex.) (Gainey and McKenna currently serve as co-lead counsel, the parties have agreed in principle on substantial settlement for the class and final resolution of the action is pending).

Its broad ERISA expertise has enabled Gainey and McKenna to be appointed co-lead counsel in multiple ERISA class actions. *See In re Avon ERISA Litig.*, 05-cv-8603 (S.D.N.Y.); *Thurman v. HCA, Inc.*, 05-cv-01001 (M.D. Tenn.); *Phillips v. Molson Coors Brewing Co.*, 05-

cv-604 (D. Del.), *In Re Bausch & Lomb, Inc. ERISA Litig.*, 06-cv-2916 (S.D.N.Y.); *Anthony Salvato v. Zale Cor*p., 06-cv-1124 (N.D. Tex.); *Taylor v. McKelvey*, 06-cv-8322-AKH (S.D.N.Y.); *Reba Bagley v. KB Home*, 07-cv-01754 (GPS) (SS) (C.D. Cal.); and *Soufiane Bendaoud v. John C. Hodgson*, 06-cv-11873 (NG) (D. Mass.).

In addition, Gainey and McKenna is also actively involved as counsel in several other on-going ERISA matters. *See Cannon v. MBNA Corp.*, 05-cv-429 (D. Del.); *In re Aon ERISA Litig.*, 04- cv-6875 (N.D. Ill.); *In re AIG ERISA Litig.*, 05-cv-9387 (S.D.N.Y.); *In re Marsh ERISA Litig.*, 04-cv-8157 (S.D.N.Y); *In Re Delphi Corp. Secs., Derivative & "ERISA" Litig.*, MDL No. 1725, Master Case No. 05-md-1725 (E.D. Mich.); *Bosman v. Harley-Davidson, Inc.*, 05-cv-00912 (E.D. Wis.); *In Re Boston Scientific Corp. ERISA Litig.*, 06-cv-10105 (D. Mass.); *Randall W. Clark v. Home Depot, Inc.*, 07-cv-114 (N.D. Ga.); *In Re Dell, Inc. ERISA Litig.*, 06-cv-00758 (SS) (W.D. Tex.); and  *In re: Guidant Corp. ERISA Litig*, 1:05-cv-1009-LJM-TAB (S.D. Ind.)

### 3.    Wolf Haldenstein and Gainey & McKenna Will Commit Resources Necessary to Represent the Class

Wolf Haldenstein and Gainey & McKenna possess the ability and willingness to expend the financial and human resources necessary to prosecute this litigation on behalf of the class.

Accordingly, Plaintiffs respectfully ask this Court to appoint Gainey & McKenna and Wolf Haldenstein interim class co-counsel in these ERISA actions and all subsequently-filed related actions and authorized to direct and supervise the activities of the other firms that may represent plaintiffs in future related class actions.

### C.    Proposed Pretrial Order No. 1 and Preliminary Schedule

The proposed Pretrial Order No. 1 establishes orderly procedures for the captioning, filing and docketing of papers in this action and any cases that may hereafter be filed or

transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 21.11. Finally, Plaintiffs propose the following preliminary schedule for these proceedings:

    (a)    Plaintiffs shall file a consolidated ERISA complaint within 45 days of the entry of proposed Pretrial Order No. 1 based, in part, on documents provided to Plaintiffs pursuant to ERISA § 104 since the filing of the above captioned complaints. The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions which may become consolidated with the action herein. Pending filing and service of the consolidated complaint, Defendants shall have no obligation to move, answer, or otherwise respond to the complaint on file or to any actions subsequently consolidated with the complaint;

    (b)    Defendants shall have 45 days from service of the consolidated complaint to answer or otherwise respond; and

    (c)    In the event any of the Defendants file a motion directed at the consolidated complaint, the parties shall meet and confer regarding a briefing schedule for opposition and reply briefs.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter Plaintiffs' [Proposed] Order: (1) consolidating the ERISA actions along with any subsequently filed action; (2) appointing Wolf Haldenstein and Gainey & McKenna as interim class co-counsel to act on

behalf of the ERISA class plaintiffs; and (3) granting such other relief that the Court deems just and proper.

Dated:  July 11, 2008                    Respectfully submitted,

                                         **GAINEY & McKENNA**


                                         /s/ Thomas J. McKenna
                                         Thomas J. McKenna
                                         295 Madison Avenue
                                         New York, NY 10017
                                         Tel: (212) 983-1 300
                                         Fax: (212) 983-0383

                                         ***Attorneys for Plaintiff Rinehart and***
                                         ***Proposed Interim Class Co-Counsel***

                                         **WOLF HALDENSTEIN ADLER**
                                         **  FREEMAN & HERZ LLP**

                                         /s/ Mark C. Rifkin
                                         Mark C. Rifkin
                                         Scott J. Farrell
                                         270 Madison Ave.
                                         New York, NY 10016
                                         Tel: (212) 545-4600
                                         Fax:  (212) 545-4653

                                         ***Counsel for Plaintiff Monique Miller Fong and***
                                         ***Proposed Interim Class Co-Counsel***