## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------x
ALEX E. RINEHART, On Behalf of          :
Himself And All Others Similarly Situated,  :
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :          Civil Action No: 08 Civ.5598(MGC)
                                        :
LEHMAN BROTHERS HOLDINGS INC.,  :
Richard S. Fuld, Jr., Michael L. Ainslie,  :
John F. Akers, Roger Berlind, Thomas H.  :
Cruikshank, Marsha Johnson Evans,       :
Christopher Gent, Roland A. Hernandez,   :
Henry Kaufman, John D. Macomber, Erin   :
M. Callan, Wendy M. Uvino, The          :
Employee Benefit Plans Committee, and    :
John Does 1-10,                         :
                                        :
        Defendants.                     :
---------------------------------------------------x
JO ANNE BUZZO, individually and on      :
behalf of all others similarly situated,   :
                                        :
        Plaintiff,                      :
vs.                                     :          Civil Action No: 08 Civ. 6245(LAK)
                                        :
LEHMAN BROTHERS HOLDINGS INC.,  :
Wendy M. Uvino, Lehman Brothers         :
Holdings Inc. Employee Benefit Plans     :
Committee, John Does 1-10, Henry        :
Kaufman, John F. Akers, Roger S. Berlind,  :
Marsha Johnson Evans and Roland A.      :
Hernandez.                              :
                                        :
        Defendants.                     :
---------------------------------------------------x
MONIQUE MILLER FONG, On Behalf Of  :
Herself And All Others Similarly Situated,  :
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :          Civil Action No: 08 Civ. 6282 (UA)
```

:
LEHMAN BROTHERS HOLDINGS INC., :
RICHARD S. FULD, JR., MICHAEL L.     :
AINSLIE, JOHN F. AKERS, ROGER S.    :
BERLIND, THOMAS H. CRUIKSHANK,  :
MARSHA JOHNSON EVANS, SIR           :
CHRISTOPHER GENT, JERRY A.           :
GRUNDHOFER, ROLAND A.               :
HERNANDEZ, HENRY KAUFMAN,      :
JOHN D. MACOMBER, ERIN M.            :
CALLAN, WENDY M. UVINO, THE          :
EMPLOYEE BENEFIT PLANS               :
COMMITTEE, and JOHN DOES 1-10,     :
:
     Defendants.                                       :
-----------------------------------------------------x
MARIA DESOUSA, On Behalf Of             :
Herself And All Others Similarly Situated,  :
:
     Plaintiff,                                          :
:
vs.                                                         :      Civil Action No: 08 Civ. 6626 (UA)
:
LEHMAN BROTHERS HOLDINGS INC., :
RICHARD S. FULD, JR., ERIN M.           :
CALLAN, WENDY M. UVINO,              :
MICHAEL L. AINSLIE, JOHN F. AKERS, :
ROGER S. BERLIND, THOMAS H.         :
CRUIKSHANK, MARSHA J. EVANS,       :
SIR CHRISTOPHER GENT, JERRY A.    :
GRUNDHOFER, ROLAND A.               :
HERNANDEZ, HENRY KAUFMAN,      :
JOHN D. MACOMBER, THE               :
EMPLOYEE BENEFIT PLANS               :
COMMITTEE, THE  COMPENSATION   :
AND  BENEFITS COMMITTEE, and        :
JOHN DOES 1-20,                               :
:
     Defendants.                                       :
-----------------------------------------------------x

## DECLARATION OF MARK P. KINDALL

I, Mark P. Kindall, declare as follows:

1.    I am a Partner in the law firm Izard Nobel LLP.

2.    Attached hereto as Exhibit A is a true and correct copy of an Order issued in *Gray v. Citigroup Inc.,* 07 Civ. 9790 (SHS) (S.D.N.Y.), on January 22, 2008.

3.    Attached hereto as Exhibit B is a true and correct copy of an Order issued in *In re Marsh ERISA Litig.,* Master File No. 04-cv-8157 (S.D.N.Y.), dated February 9, 2005.

4.    Attached hereto as Exhibit C is a true and correct copy of an Order issued in *In re Bausch & Lomb, Inc. ERISA Litig.,* Master File No. 06-cv-6297-MAT-MWP (W.D.N.Y.), on August 28, 2006.

5.    Attached hereto as Exhibit D is a true and correct copy of an Order issued in *In re Diebold ERISA Litig.,* 5:06 CV 0170 (N.D. Ohio), dated November 17, 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of July, 2008.

Mark P. Kindall

Case 1:07-cv-09790-SHS    Document 59    Filed 01/25/2008    Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

STEPHEN GRAY,                          :        07 Civ. 9790 (SHS)

                    Plaintiff,         :

          -against-                    :        ORDER

CITIGROUP INC., *ET AL.*,              :

                    Defendants.        :
------------------------------------------------------------x

SHAUN ROSE,                            :        07 Civ. 10294 (SHS)

                    Plaintiff,         :

          -against-                    :

CITIGROUP INC., *ET AL.*,              :

                    Defendants         :
------------------------------------------------------------x

MEREDITH TRANBERG,                     :        07 Civ. 10341 (SHS)

                    Plaintiff,         :

          -against-                    :

CITIGROUP INC., *ET AL.*,              :

                    Defendants.        :
------------------------------------------------------------x

ANTON K. RAPPOLD,                      :        07 Civ. 10396 (SHS)

                    Plaintiff,         :

          -against-                    :

CITIGROUP INC., *ET AL.*,              :

                    Defendants.        :
------------------------------------------------------------x

------------------------------------------------------------x

SAMIER TADROS,                                    :        07 Civ. 10442 (SHS)

                          Plaintiff,              :

              -against-                           :

CITIGROUP INC., *ET AL.*,                         :

                          Defendants.             :
------------------------------------------------------------x

STEPHAN FIORINO,                                  :        07 Civ. 10458 (SHS)

                          Plaintiff,              :

              -against-                           :

CITIGROUP INC., *ET AL.*,                         :

                          Defendants.             :
------------------------------------------------------------x

JAMES BOLLA,                                      :        07 Civ. 10461 (SHS)

                          Plaintiff,              :

              -against-                           :

CITIGROUP INC., *ET AL.*,                         :

                          Defendants.             :
------------------------------------------------------------x

MARK GEROULO,                                     :        07 Civ. 10472 (SHS)

                          Plaintiff,              :

              -against-                           :

CITIGROUP INC., *ET AL.*,                         :

                          Defendants.             :
------------------------------------------------------------x

```
-------------------------------------------------------------x
ALAN STEVENS,                                  :      07 Civ. 11156 (SHS)

                        Plaintiff,             :

        -against-                              :

CITIGROUP INC., ET AL.,                        :

                        Defendants.            :
-------------------------------------------------------------x
STEVEN GOLDSTEIN,                              :      07 Civ. 11158 (SHS)

                        Plaintiff,             :

        -against-                              :

CITIGROUP INC., ET AL.,                        :

                        Defendants.            :
-------------------------------------------------------------x
CHRIS SOUTHARD,                                :      07 Civ. 11164 (SHS)

                        Plaintiff,             :

        -against-                              :

CITIGROUP INC., ET AL.,                        :

                        Defendants.            :
-------------------------------------------------------------x
WILLIAM WOODWARD, ET ANO,                      :      07 Civ. 11207 (SHS)

                        Plaintiff,             :

        -against-                              :

CITIGROUP INC., ET AL.,                        :

                        Defendants.            :
-------------------------------------------------------------x
```

```
------------------------------------------------------------x
```

FRANCIA BRICK,                                    :          07 Civ. 11369 (SHS)

                   Plaintiff,           :

        -against-                      :

CITIGROUP INC., *ET AL.*,                         :

                 Defendants.          :

```
------------------------------------------------------------x
```

SIDNEY H. STEIN, U.S.D.J.

        A pretrial conference having been held on January 17, 2008, with counsel for all parties present,

        IT IS HEREBY ORDERED that, for the reasons set forth on the record,

        1.    These actions shall be consolidated for all purposes and all future documents shall be filed via ECF in the **lead case only**, Stephen Gray, *et al.* v. Citigroup Inc., *et al.*, 07 Civ. 9790 (SHS);

        2.    Wolf Popper LLP and Harwood Feffer LLP are appointed as interim lead counsel;

        3.    Stephen Gray, Samier Tadros, and James Bolla are appointed as interim lead plaintiffs;

        4.    The following motions shall be terminated:

| Case No. | Motions |
| --- | --- |
| 07 Civ. 9790 | 3, 14, 33 |
| 07 Civ. 10294 | 3, 9, 24 |
| 07 Civ. 10341 | 2, 24 |
| 07 Civ. 10396 | 2, 23 |
| 07 Civ. 10442 | 2, 42 |
| 07 Civ. 10458 | 2, 22 |

-4-

| Case No. | Motions |
|----------|---------|
| 07 Civ. 10461 | 2, 22 |
| 07 Civ. 10472 | 4, 26 |
| 07 Civ. 11156 | 7, 19 |
| 07 Civ. 11158 | 3, 17 |
| 07 Civ. 11164 | 7, 18 |
| 07 Civ. 11207 | 3 |
| 07 Civ. 11369 | 3, 7 |

Dated: New York, New York
    January 22, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.

Lynn Lincoln Sarko (LS-3700)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
(206) 623-3384 (Fax)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-9-05

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA C. WALSH, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSH & McLENNAN COMPANIES, INC., et al.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )<br>Civ. No. 04 cv 8157 SWK<br>ECF Case |
| CHERYL MADDOX, on Behalf of Herself and a Class of Persons Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSH & McLENNAN COMPANIES, INC., et al.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )<br>Civ. No. 04 cv 8311 SWK<br>ECF Case |

[ADDITIONAL CAPTIONS APPEAR FOLLOWING SIGNATURE BLOCKS]

**RENZI PLAINTIFFS'** ███████ **PRETRIAL ORDER 1:**
**CONSOLIDATING ACTIONS, APPOINTING INTERIM LEAD PLAINTIFFS AND**
**ESTABLISHING LEADERSHIP STRUCTURE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

WHEREAS, the above-referenced actions allege breaches of fiduciary duties in violation of the Employee Retirement Income Security Act ("ERISA") involving the Marsh & McLennan Companies Stock Investment Plan and the Putnam Investments Profit Sharing Plan (collectively the "Plans"), retirement plans established and sponsored by Marsh & McLennan Companies Inc ("MMC" or "Marsh") and/or Putnam Investments, Inc. as a benefit for their employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, appointment of Lead Plaintiffs, a Lead Counsel/Chair of an ERISA Executive Committee, an ERISA Executive Committee, and Liaison Counsel is appropriate and consistent with the recommendations of the *Manual for Complex Litigation* (4th ed. 2004) and Fed. R. Civ. P. 23(g)(2);

NOW, THEREFORE, THE COURT ORDERS as follows:

## I. CONSOLIDATION OF RELATED ACTIONS

The above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be referred to collectively as *In re Marsh ERISA Litigation*, Master File No. 04-cv-8157.

## II. CAPTION OF CASES

Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MARSH ERISA LITIGATION | MASTER FILE: 04 cv 8157 |
| THIS DOCUMENT RELATES TO: | |

2

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

### III. MASTER DOCKET

A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

### IV. MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 04 cv 8157. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate

3

file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

## V. NEWLY FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

(a)   File a copy of this Order in the separate file for such action;

(b)   Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)   Make the appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plans (as defined above). This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the

4

date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to that complaint.

## VII. APPOINTMENT OF INTERIM LEAD PLAINTIFFS

The Court appoints Plaintiffs Carol Renzi, Donald Hundley, Conrad Simon and Kristina Schatz as Interim Lead Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith. The Court shall make a final determination regarding the identity of Lead Plaintiffs/Class Representatives on Plaintiffs' motion for class certification, or otherwise as the Court deems necessary and appropriate. The Lead Counsel/Chair of the Executive Committee as identified below may identify different or additional Lead Plaintiffs/Class Representatives at such time as they move for class certification in this litigation.

## VIII. APPOINTMENT OF ERISA EXECUTIVE COMMITTEE UNDER DIRECTION OF LEAD COUNSEL/CHAIR, KELLER ROHRBACK L.L.P

The Court designates the following to act as Lead Counsel and Chair of an ERISA Executive Committee for the Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

Lynn Lincoln Sarko
**Keller Rohrback L.L.P.**

The Lead Counsel/Chair of the ERISA Executive Committee shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action in consultation with Lead Plaintiffs:

(a) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

(b) presiding over meetings of the ERISA Executive Committee and having the responsibility for the orderly and efficient functioning of the ERISA Executive Committee;

(c) assigning work to plaintiffs' counsel on the ERISA Executive Committee or otherwise as noted in (d) below;

(d) appointing working committees (e.g., "Discovery Committee") of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Lead Counsel/Chair on all litigation matters and the performance of such work assignments as are delegated to them by the Lead Counsel/Chair;

(e) retaining experts;

(f) communicating with the court;

(g) communicating with defense counsel;

(h) conducting settlement negotiations;

(i) collecting and reviewing time and expense records from all plaintiffs' counsel;

(j) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

(k) coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

In addition to Keller Rohrback L.L.P., the members of the Executive Committee shall include:

Robert Izard (member)
**Schatz & Nobel, P.C.**

6

Marc Machiz (member)
**Cohen, Milstein, Hausfeld & Toll, P.L.L.C.**

**Goodkind Labaton Rudoff & Sucharow LLP (member)**
(which shall also serve, as noted below, as liaison counsel)

With respect to the above duties, and any other matter pertaining to the lawsuit, the actions of Executive Committee members shall be directed by Keller Rohrback L.L.P. as Lead Counsel/Chair of the Executive Committee  The Lead Counsel/Chair shall direct the Executive Committee members in such manner as to ensure the effective, and efficient prosecution of the lawsuit, and without duplication of effort.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through the ERISA Executive Committee at the direction of the Lead Counsel/Chair.

All plaintiffs' counsel shall keep contemporaneous time and expense records, and shall provide such records upon request to the Lead Counsel/Chair and the Court.

The Executive Committee is appointed interim lead counsel for the putative plaintiff class(es) pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure in the above-captioned cases.

## IX.  APPOINTMENT OF LIAISON COUNSEL

The Court designates the following to act as Liaison Counsel for the Plaintiffs in the above-captioned actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

**Goodkind Labaton Rudoff & Sucharow LLP**
100 Park Avenue
New York, NY 10017

The Liaison Counsel shall serve as a member of the Executive Committee.  Plaintiffs' Liaison Counsel shall act at the direction of the Lead Counsel/Chair of the ERISA Executive

7

Committee. Plaintiffs' Liaison Counsel shall assist the Lead Counsel/Chair and the ERISA

Executive Committee in facilitating coordination and communications among counsel for the

parties and with the Court and otherwise assist in the coordination of discovery, presentations at

pretrial conferences and other pretrial activities.

Defendants may satisfy their service obligations as to all of plaintiffs' counsel under Fed.

R. Civ. P. 5(a) by serving the Lead Counsel/Chair of the ERISA Executive Committee and

Liaison Counsel.

### X. SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a

party to any action in which he, she or it has not been named, served or added as such in

accordance with the Federal Rules of Civil Procedure. The terms of this Order and the

consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses

to any action.

### XI. PRELIMINARY SCHEDULE OF PROCEEDINGS

To the extent that they have not already done so, the Lead Counsel/Chair of the ERISA

Executive Committee and counsel for the Defendants shall confer regarding the timing of

Plaintiffs' Consolidated Complaint and Defendants' response thereto, and shall submit a

proposed schedule for the Court's approval. As it is in the interest of all parties that only the

proper parties are named in the consolidated complaint, the parties should also discuss the initial

production of core ERISA documents and information that would enable Plaintiffs to accurately

identify the specific persons who serve as plan fiduciaries. Core ERISA documents include, but

are not limited to, Plan documents and materials that describe the operation, administration, and

management of the Plan; documents that identify the Plan fiduciaries and describe the scope of

their fiduciary duties; and board or committee minutes and/or resolutions that pertain to the Plan

and show the appointment or removal of Plan fiduciaries or otherwise demonstrate the fiduciary function of the board or any committee.

The Consolidated Complaint shall be the operative complaint and shall supercede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, Defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

The Lead Counsel/Chair of the Executive Committee and defense counsel also shall confer regarding the timing and schedule for briefing of any motion by any defendants directed at the consolidated complaint, and shall submit a proposed schedule for the Court's approval.

The same counsel shall further confer and propose to the Court a mutually agreeable schedule for briefing on issues related to class certification.

Dated: __February  8_____, 2005.


_____
United States District Judge Shirley W. Kram

9

ANDREW TSIROPINAS, Individually and on )
Behalf of All Others Similarly Situated, )
                               ) Civ. No. 04 cv 8398 SWK
           Plaintiff, ) ECF Case
                               )
           v. )
                               )
PUTNAM, LLC, et al., )
                               )
           Defendants. )
                               )

CAROL RENZI, Individually and on Behalf of )
All Others Similarly Situated, )
                               ) Civ. No. 04 cv 8399 SWK
           Plaintiff, )
                               )
           v. )
                               )
MARSH & McLENNAN COMPANIES, INC., )
et al., )
                               )
           Defendants. )
                               )

LAURA JORDAN, on Behalf of Herself and )
All Others Similarly Situated, )
                               ) Civ. No. 04 cv 8409 SWK
           Plaintiff, ) ECF Case
                               )
           v. )
                               )
MARSH & McLENNAN COMPANIES, INC., )
et al., )
                               )
           Defendants. )
                               )

10

DONNA SCHUELE, on Behalf of Herself and )
All Others Similarly Situated and on Behalf of )
the Marsh & McLennan Companies Stock ) Civ. No. 04 cv 8430 SWK
Investment Plan, ) ECF Case
)
        Plaintiff, )
)
        v )
)
MARSH & McLENNAN COMPANIES, INC , )
et al., )
)
        Defendants. )
)

ANDREA CAMPAGNUOLO and CHARLES )
E WIGHT, on Behalf of a Class and All Others )
Similarly Situated, ) Civ. No. 04 cv 8458 SWK
) ECF Case
        Plaintiffs, )
)
        v. )
)
MARSH & McLENNAN COMPANIES, INC., )
et al., )
)
        Defendants. )
)

CHRISTINE CORREA, on Behalf of Herself )
and a Class of Persons Similarly Situated, )
) Civ. No. 04 cv 8519 SWK
        Plaintiff, ) ECF Case
)
        v. )
)
MARSH & McLENNAN COMPANIES, INC., )
et al., )
)
        Defendants. )
)

CONRAD J. SIMON, JR., PATRICIA T. )
BYRNES, BETH ANN THOMAS, WILLIAM )
M. GOLD and MANUAL G. SAMUDIO, on ) Civ. No. 04 cv 8586 SWK
Behalf of the Marsh & McLennan Companies ) ECF Case
Stock Investment Plan and the Putnam )
Investments Profit Sharing Retirement Plan, and )
on Behalf of a Class of Similarly Situated )
Individuals, )
                                        )
         Plaintiffs,                    )
                                        )
         v.                             )
                                        )
MARSH & McLENNAN COMPANIES, INC., )
et al.,                                 )
                                        )
         Defendants.                    )
                                        )
_____ )
LOUISE HARKINSON, on Behalf of Herself )
and a Class of Persons Similarly Situated, )
                                        ) Civ. No. 04 cv 8716 SWK
         Plaintiffs,                    ) ECF Case
                                        )
         v.                             )
                                        )
MARSH & McLENNAN COMPANIES, INC., )
et al.,                                 )
                                        )
         Defendants.                    )
                                        )
_____ )
DAYNA ROBERTS, on Behalf of Herself and )
All Others Similarly Situated,          )
                                        ) Civ. No. 04 cv 8717 LAP
         Plaintiffs,                    ) ECF Case
                                        )
         v.                             )
                                        )
MARSH & McLENNAN COMPANIES, INC., )
et al.,                                 )
                                        )
         Defendants.                    )
_____ )

12

KRISTINA SCHATZ, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

MARSH & McLENNAN COMPANIES, INC.,
et al ,

        Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) )

Civ. No. 04 cv 8783 SWK
ECF Case

THOMAS STRANGE, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

MARSH & McLENNAN COMPANIES, INC.,
et al.,

        Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) )

Civ. No. 04 cv 8809 SWK
ECF Case

BRIAN A. DUKE, Individually and on Behalf
of All Others Similarly Situated,

        Plaintiff,

        v.

MARSH & McLENNAN COMPANIES, INC.,
et al.,

        Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) )

Civ. No. 04 cv 9090 SWK
ECF Case

ARIEL NELSON, on Behalf of Himself, the )
Marsh & McLennan Companies Stock )
Investment Plan, and a Class of Persons ) Civ. No. 04 cv 9522 SWK
Similarly Situated, ) ECF Case
)
        Plaintiffs, )
)
        v. )
)
MARSH & MCLENNAN COMPANIES, INC., )
et al , )
)
        Defendants. )

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | )
|---|---|
| IN RE BAUSCH & LOMB, INC. | ) |
| ERISA LITIGATION | ) |
| | ) |
| | )      MASTER FILE NO.: 06-cv-6297-MAT-MWP |
| | ) |

## PRETRIAL ORDER 1 APPOINTING LEAD PLAINTIFFS
## AND ESTABLISHING LEADERSHIP STRUCTURE IN ERISA CASES

WHEREAS, <u>Johnson v. Bausch & Lomb</u>, 06-cv-6297; <u>McMillan v. Bausch & Lomb,</u> 06-cv-6315; and <u>Hernandez v. Bausch & Lomb,</u> 06-cv-6348 (collectively, the "ERISA actions"), are currently pending before this Court;

WHEREAS, by Order entered on August 1, 2006, the Court consolidated the ERISA actions and created a master caption of "In Re Bausch & Lomb Incorporated ERISA Litigation", Master File No. 06-cv-06297-MAT-MWP;

WHEREAS, the ERISA actions allege that defendants violated their fiduciary duties under the Employee Retirement Income Security Act ("ERISA") involving the Bausch & Lomb 401(k) Account Plan ("Plan"), a retirement plan established and sponsored by Bausch & Lomb, Inc. ("Bausch & Lomb");

WHEREAS, the plaintiffs in the ERISA actions have filed competing motions seeking to appoint lead plaintiff and lead counsel; and

WHEREAS, appointment of Lead Plaintiff, Co-Lead Counsel, and Liaison Counsel is appropriate and consistent with the recommendations of the Manual for Complex Litigation (4th ed. 2004) and Fed. R. Civ. P. 23(g)(2); and is not objected to by the parties;

**NOW, THEREFORE, THE COURT ORDERS as follows:**

**I.    CAPTION OF CASES**

Every pleading filed in this consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

```
                            )
IN RE BAUSCH & LOMB, INC.   )
ERISA LITIGATION            )
                            ) MASTER FILE NO.: 06-cv-6297-MAT-MWP
                            )
THIS DOCUMENT RELATES TO:   )
                            )
                            )
```

## II.    MASTER DOCKET

A Master Docket and a Master File are hereby established for the cases governed by this Order. Separate dockets shall continue to be maintained for each of the individual actions, and entries shall be made in the docket of each individual action in accordance with the regular procedures of the Clerk of Court, except as modified by this Order.

When a document is filed and the caption shows that it applies to this action, the clerk shall file such document in the Master File and note such filing on the Master Docket. No further copies need to be filed and no other docket entries need be made.

When a document is filed and the case caption shows that it applies to only one of the consolidated actions, the Clerk will file and docket such document in both the Master File and that of the individual case. An original and two copies of such document will be filed.

When a document is filed and the caption shows that it applies to more than one but fewer than all of the consolidated actions, the Clerk will file such document in the Master File only, but shall docket such filing on the Master Docket and the docket of each applicable action.

If any other case alleging violations of ERISA or common law arising out of the same or substantially similar facts as alleged in the ERISA actions is filed in this Court or transferred from here or another court (a "related case"), the clerk shall: (a) file a copy of this Order in the separate file for the related case; (b) mail a copy of this Order to counsel for plaintiffs in the related case; (c) mail a copy of this Order to counsel for each Defendant in the related case not already a party to any case then included in <u>In re Bausch & Lomb, Inc. ERISA Litigation;</u> and (d)

2

make an appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might be properly consolidated as part of In re Bausch & Lomb, Inc. ERISA Litigation pursuant to the provisions of this Order.

All discovery taken in the Consolidated Action will apply to any subsequently filed and consolidated actions, and the parties will not be required to repeat discovery already undertaken in the Consolidated Action.

## III.    APPOINTMENT OF LEAD PLAINTIFF

The Court appoints Diane Johnson, Dorothy McMillian and Paul Hernandez as Lead Plaintiffs in the Consolidated ERISA Action and all subsequently filed related actions consolidated herewith.  Co-Lead Counsel as identified below may identify different or additional Lead Plaintiffs at such time as they move for class certification in this litigation.

## IV.    APPOINTMENT OF CO-LEAD COUNSEL

The Court designates the following law firms to act as Co-Lead Counsel in the ERISA actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

> Schatz & Nobel, P.C.
> Robert A. Izard
> One Corporate Center
> 20 Church Street
> 17th Floor
> Hartford, CT 06103
> Tel: (860) 493-6295
> Fax: (860) 493-6290
> rizard@snlaw.net

3

Schiffrin & Barroway, LLP
Joseph H. Meltzer
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@sbclasslaw.com

Gainey & McKenna
Thomas J. McKenna
295 Madison Avenue
4th Floor
New York, NY 10017
Tel: (212) 983-1300
Fax: (212) 983-0383
tjmckenna@gaineyandmckenna.com

Co-Lead Counsel shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action in consultation with Lead Plaintiffs:

directing, coordinating, and supervising the prosecution of plaintiffs' claims in the ERISA actions;

appointing working committees of plaintiffs' counsel who will (1) assist in conducting the litigation, and (2) consult with the Co-Lead Counsel on all litigation matters;

perform such work assignments as Co-Lead Counsel delegates to them;
retaining experts;

communicating with the Court;

communicating with defense counsel;

conducting settlement negotiations;

collecting and reviewing time and expense records from all plaintiffs' counsel;
maintaining communication and promoting efficient and harmonious dealings among all plaintiffs counsel;

coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through Co-Lead Counsel.

All plaintiffs' counsel shall keep contemporaneous time and expense records, and shall provide such records upon request to Co-Lead Counsel and the Court.

4

Co-Lead Counsel are appointed as interim lead counsel for the putative plaintiff class(es) pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure in the above-captioned cases.

## V.     APPOINTMENT OF LIAISON COUNSEL

The Court designates the following to act as Liaison Counsel for the Plaintiffs in the above-captioned ERISA actions and all subsequently filed related actions consolidated herewith, with the responsibilities hereinafter described:

> ChamberlainD'Amanda
> Matthew J. Fusco
> 1600 Crossroads Building
> Two State Street
> Rochester, New York 14614
> Tel: (585) 232-3730
> Fax: (585) 232-3882
> mjf@cdlawyers.com

Plaintiffs' Liaison Counsel shall act at the direction of the Co-Lead Counsel. Plaintiffs' Liaison Counsel shall assist the Co-Lead Counsel in facilitating coordination and communications among counsel for the parties and with the Court and otherwise assist in the coordination of discovery, presentations at pretrial conferences and other pretrial activities.

Defendants may satisfy their service obligations as to all of plaintiffs' counsel under Fed. R. Civ. P. 5(a) by serving the plaintiffs' Liaison Counsel.

## VI.     SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the

5

consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action.

Dated: August 28, 2006

                                       __ s/ Michael A. Telesca ____
                                         Hon. Michael A. Telesca
                                         United States District Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: DIEBOLD SECURITIES LITIGATION;** | ) ) ) ) ) ) ) ) ) | **CASE NO.  5:05 CV 2873** |
| **IN RE: DIEBOLD ERISA LITIGATION;** | ) ) ) ) ) ) ) ) | **CASE NO. 5:06 CV 0170** |
| **IN RE: DEIBOLD DERIVATIVE LITIGATION** | ) ) ) ) ) ) ) ) ) ) | **CASE NO. 5:06 CV 0233** |
| | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | <u>**ORDER**</u> |

This matter is before the Court upon Plaintiffs' Motions to Consolidate Cases filed

in numerous lawsuits pending in the Northern District of Ohio (collectively, the "Actions").[1]

For the reasons that follow, Plaintiffs' Motion is **GRANTED** in accordance with the terms

of this Order.[2]

## I. BACKGROUND

On October 23, 2006, the Court consolidated numerous actions involving allegations

against Diebold, Inc. ("Diebold") and/or its current and former directors and officers (the

"Individual Defendants") and related parties (collectively, "Defendants") relating to alleged

misrepresentations and omissions made by officers and directors at Diebold.  The Actions

were consolidated into three categories:  1) the Securities Actions[3]; 2) the ERISA Actions[4];

and 3) the Derivative Actions.[5]

In addition to consolidation the Actions, the Court appointed Lead Plaintiff and Lead

---

[1] The following cases are pending in the Northern District of Ohio: No. 05 CV 2873, No. 5:05 CV 2912, No. 5:05 CV 2997, No. 5:06 CV 040, No. 5:06 CV 0296, No. 5:06 CV 0170, No. 5:06 CV 307, No. 5:06 CV 324, No. 5:06 CV 361, No. 5:06 CV 233, 5:06 CV 579, and No. 5:06 CV 418.

[2] The following Motions for Consolidation filed by the Plaintiffs are granted: (No. 5:06 CV 170, Dkt. # 5, 6); (No. 5:06 CV 307, Dkt. # 6); (5:06 CV 324, Dkt. # 7); (5:06 CV 361, Dkt. # 4).

[3] In Re Diebold Securities Litigation, 5:06 CV 2873.

[4] In Re ERISA Litigation, 5:06 CV 0170.

[5] In Re Diebold Derivative Litigation, 5:06 CV 233.

Counsel in the Securities Actions[6] and the Derivative Actions.[7] The Plaintiffs in the ERISA Actions disagreed about the appointment of lead plaintiff and lead counsel, and the Court scheduled a hearing on November 22, 2006 at 1:30 p.m. to resolve the matter. (5:06 CV 0170, Dkt. #9). The Plaintiffs in the ERISA Actions have subsequently agreed to the appointment of Lead Plaintiff and Lead Counsel. Accordingly, it is hereby **ORDERED** that:

1. **APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL:** With respect to the designation of lead plaintiff and lead counsel in the ERISA Actions, this court appoints Vincent McDermott as the "ERISA Lead Plaintiff." The Court also approves the selection of the following four law firms as lead counsel: 1) Schatz & Nobel, P.C.; 2) Schiffrin & Barroway, LLP; 3) Wechsler Harwood, LLP; and 4) Stull, Stull & Brody. In addition, Climaco, Lefkowitz, Peca, Wilcox, & Garofoli, Co., LPA will serve as liaison counsel.

Accordingly, the Diebold Lead ERISA Plaintiff Group's Motions for Consolidation are **GRANTED.** (No. 5:06 CV 170, Dkt. # 5, 6); (No. 5:06 CV 307, Dkt. # 6); (5:06 CV

---

[6] In the Securities Actions, the Court appointed the class members International Union of Operating Engineers Local 825 Pension Funds, Orchard Limited, Stephan W. Tilton, and Joe B. Young, the "Diebold Lead Securities Plaintiff Group." The Court also approved Diebold Lead Securities Plaintiff's selection of Scott + Scott, LLC and Milberg Weiss Bershad and Schulman LLP as Lead Counsel and Strauss & Troy as Liaison Counsel pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v).

[7] In the Derivative Actions, the Court appointed Minna Recht and Sam Wietschner as the "Diebold Lead Derivative Plaintiff Group." The Court also approved Diebold Lead Derivative Plaintiff Group's selection of Federman & Sherwood and Bull & Lifshitz, LLP as lead counsel and Weisman, Kennedy & Berris Co., LPA as liaison counsel for the consolidated Derivative Actions.

324, Dkt. # 7); (5:06 CV 361, Dkt. # 4).

2. **CASE MANAGEMENT CONFERENCE:** The Court hereby cancels the November 22, 2006 hearing, and reschedules a Case Management Conference on December 11, 2006 at 1:30 p.m. at the Thomas D. Lambros Federal Courthouse, Courtroom 351, Youngstown, Ohio. All Lead Counsel and Liaison Counsel for the ERISA Actions, the Securities Actions, and the Derivative Actions shall appear in person.

**IT IS SO ORDERED.**

/s/ *Peter C. Economus* - **November 16, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

4